## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

CHARLES DOGAN, JR.,

      Petitioner,

v.                             **Case No. 2:11-cv-00863**
                                  **Case No. 2:96-cr-00066**

UNITED STATES OF AMERICA,

      Respondent.

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is a document filed by the petitioner on November 3, 2011, which he described as a petition for a writ of mandamus filed pursuant to 28 U.S.C. § 1651 (the All Writs Act), but which appeared to be a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.  (ECF No. 127.)  When the petitioner received documents from the Clerk which indicated that the Clerk was treating the document as a motion filed pursuant to § 2255, he wrote a letter to the Clerk, stating "there has been a filing error, notably I filed a writ of mandamus and it was probably inadvertently filed as motion pursuant to 28 USC 2255."  (ECF No. 131.)  Accordingly, the undersigned will treat the document as a petition for a writ of mandamus filed pursuant to 28 U.S.C. § 1361, the statute by which Congress gave district courts original jurisdiction "of any action in the nature of mandamus."

The petitioner, Charles Dogan, Jr., is serving a sentence of 288 months upon his guilty plea to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1).  (Judgment in a Criminal Case, docket no. 57, at 1-2.)  The defendant will then

serve a five-year term of supervised release.  He was sentenced as a career offender, pursuant to USSG § 4B1.1(a) and (b).  His direct appeal was unsuccessful.  *United States v. Dogan*, No. 97-4292, 1998 WL 406854 (4th Cir. July 15, 1998).  The petitioner filed a motion pursuant to 28 U.S.C. § 2255 on February 11, 1999 (docket no. 81).  The motion was dismissed by Order entered May 23, 2000 (docket no. 93).  His appeal was dismissed.  *United States v. Dogan*, No. 00-6977, 17 Fed. App'x. 120 (4th Cir. Aug. 21, 2001).  The petitioner filed a petition for an original writ of habeas corpus with the Fourth Circuit, which was dismissed.  *In re Dogan*, No. 10-1043, 375 Fed. App'x. 331 (4th Cir. Apr. 27, 2010).

> The petitioner seeks the following relief [spelling corrected]:
>
> The petitioner prays for relief in the manner of (1) relieving him from under the current plea and sentence of the statutory minimum and maximum of 5 to 40 years; (2) let the petitioner plea anew to the original government's offer of 0 to 20 years; (3) be sentenced based on the amount of the substance in that count of the indictment; (4) set aside the enhancement under § 4B1.1 of the United States Sentencing Guideline Manual; (5) and recognize the injustice and the serious abuse of discretion that seriously affected the petitioner's substantial and fundamental rights under the United States Constitution and Bill of Rights guaranteed to every citizen of the United States of America.

(ECF No. 127, at 5.)  In his petition, Mr. Dogan complains generally about a court reporter, a Rule 11 violation, a Rule 52(b) violation, ineffective assistance of counsel, the career offender guideline and the Antiterrorism and Effective Death Penalty Act.  *Id.* At 1-4.

The statute concerning the writ of mandamus, 28 U.S.C. § 1361, grants jurisdiction to district courts "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  A duty is a mandatory obligation, not a discretionary function.  The petitioner has not provided any evidence

whatsoever to suggest that any federal officer or employee owed him a mandatory duty and failed to perform it.  The Fourth Circuit's decision affirming his conviction noted that the "district court conducted a thorough Rule 11 colloquy when taking the [petitioner's] plea."  *Dogan*, 1998 WL 406854 *1.

The court proposes that the presiding District Judge **FIND** that the petitioner has failed to allege that any federal officer or employee owed any mandatory duty to him and failed to perform it.  For that reason, it is respectfully **RECOMMENDED** that the District Court dismiss this action with prejudice as frivolous and **DENY** the petitioner's Application to Proceed without Prepayment of Fees and Costs (ECF No. 128).

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

3

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner.

November 23, 2011

Mary E. Stanley
United States Magistrate Judge