```
               UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**CHARLES DOGAN**

      Petitioner,

v.                                    CIVIL ACTION NO. 2:11-0863
                                      (Criminal No. 2:96-0066)

**UNITED STATES OF AMERICA,**

      Respondent.


<u>MEMORANDUM OPINION AND ORDER</u>


      Pending are petitioner's application for leave to move out of time for reconsideration, filed January 12, 2012, the apparent proposed motion to reconsider attached thereto, filed the same day, and his accompanying motion to recuse the undersigned, filed January 17, 2012.

      The court ORDERS that the application to move out of time for reconsideration be, and it hereby is, granted.  The proposed motion to reconsider is deemed timely.  The Clerk is directed to file it today.

I.

Petitioner is presently discharging a sentence of 288 months imposed by the court following his plea of guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1).  The court of appeals affirmed the Judgment on July 15, 1998. On February 11, 1999, petitioner sought relief pursuant to 28 U.S.C. § 2255, which was denied by the Judgment of this court entered May 23, 2000.  His attempts thereafter to avail himself of certain appellate remedies ultimately failed.

On November 3, 2011, petitioner sought a writ of mandamus.  He alleged a variety of claims, including that the court (1) impeded his ability to appeal, citing 28 U.S.C. § 753(b) dealing with court reporters, (2) impermissibly participated in plea negotiations, (3) allowed counsel to render ineffective assistance, and (4) sentenced him as a career offender under the United States Sentencing Guidelines without the United States first filing an information to establish his convictions pursuant to 21 U.S.C. § 851(a).

On November 23, 2011, the magistrate judge filed her proposed findings and recommendation ("PF&R"). The magistrate judge recommended the petition be dismissed with prejudice as

frivolous. Petitioner's principal contention embedded within those issues set forth <u>infra</u> was that no record was made by the court reporter of the proceeding on August 21, 1996, that resulted in the rejection of a proposed plea agreement. An order entered that date states as follows:

> It is hereby ORDERED that the attached copy of the proposed plea agreement dated August 20, 1996, between the defendant and the United States, under which the defendant would plead guilty to count four of the indictment in this case, which proposed plea agreement was received and rejected by the court on this date for the reasons set forth on the record of the proceedings in open court, be, and the same hereby is, filed herewith.

(Dckt. 30 in Crim. Case (emphasis added)). The court reporter, in fact, had reported the proceeding. Petitioner had not requested that it be transcribed.[1]

On December 15, 2011, the court entered a memorandum opinion and order and accompanying Judgment denying the writ of mandamus. Petitioner then filed the instant motions.

---

[1] On December 29, 2011, petitioner requested that the court reporter transcribe the relevant portion of the official record. She did so and filed it January 3, 2012.

3

II.

The court first addresses the recusal motion.  The only basis for disqualification offered by petitioner is his belief that the judge who presided over the direct portion of the criminal case should not also adjudicate any request for collateral relief.  The assertion is contrary to governing law. <u>See</u> Fed. R. Gov. § 2255 Proc. 4(a) ("The clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence . . . .").  The court, accordingly, ORDERS that the motion to recuse be, and it hereby is, denied.

Respecting the motion to reconsider, petitioner relies upon a nonbinding and unpublished district court case that does not aid his cause.  He also renews his assertion that he should have been permitted to plead guilty.  As was the case with petitioner's earlier mandamus request, "No mandatory duty has been alleged or violated."  (Memo. Op. and Ord. at 4).

The court, accordingly, ORDERS that the motion to reconsider be, and it hereby is, denied.

4

The Clerk is directed to transmit a copy of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: January 27, 2012

John T. Copenhaver, Jr.
United States District Judge